DWIGHT FOSTER, Respondent, *v.* ATLANTIC & PACIFIC RAILROAD COMPANY, Appellant.

### March 7, 1876.

1. Where the exhibits were of great value, and, instead of being filed in the cause, were left in the custody of the clerk of the court, *held*, that the court properly overruled a motion to dismiss because they were not filed, they being placed within easy access of defendant.

2. Where the instrument sued on is for the payment of gold coin, the judgment should be for the amount found due, payable in gold coin; not for the market value of it, payable in paper currency.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Thomas J. Portis*, for appellant, cited: 2 Wag. Stat. 1022, sec. 51; Rathwell *v.* Morgan, 37 Mo. 107; Dyer's Admr. *v.* Murdock, 38 Mo. 224; Campbell *v.* Wolf, 33 Mo.

460 ; Can *v.* Waldron, 44 Mo. 395 ; Whrendorff *v.* Whitaker, 1 Mo. 206 ; Tate *et al. v.* Evans, 7 Mo. 420 ; Swearingin *v.* Knox, 10 Mo. 31 ; Pope *v.* Kisley, 23 Mo. 185 ; Lane *v.* Palmer, 28 Mo. 539 ; Shultze *v.* Baily, 40 Mo. 69 ; Kelley *v.* Fenee, 57 Mo. 490 ; Kline *v.* Keyes, 17 Mo. 326.

*Hitchcock, Lubke & Player*, for respondent, cited : Wag. Stat. 1036, sec. 19, p. 1034, secs. 3, 5, p. 1021, sec. 48 ; 1052, secs. 4, 5 ; Cushman *v.* Anderson, 26 Mo. 67 ; Robinson *v.* Lawson, 26 Mo. 69.

GANTT, P. J., delivered the opinion of the court.

Foster sued the Atlantic & Pacific Railroad Company, to the April term, 1874, of the Circuit Court, for the interest due on scrip certificates, alleged to be payable in gold. One of the scrip certificates was for $20,000, and the other for $6,500.

The defendant, being duly served with process, appeared, and, on April 7, 1874, moved to dismiss the suit because the scrip certificates had not been filed. The motion was considered by the court on April 11, 1874. It appeared that the papers, being valuable, had been lodged with the clerk of the court, but not filed in the cause, and plaintiff's counsel asked leave to file them then, which the court permitted, and overruled the motion to dismiss. The defendant excepted, and, on the fifth day thereafter, filed a motion asking the court to reconsider its action in overruling the motion to dismiss, but filed no affidavit or statement of reasons, and no pleading. The case was set for trial on May 2, 1874, and was then called. Defendant did not appear, but made default. The plaintiff offered in evidence to the court, sitting as a jury, the scrip certificates on which the interest was reserved ; proved the value of gold as compared with paper, and took judgment for the paper value of the gold and interest. This was on May 2, 1874.

The defendant, on May 4, 1874, filed a motion to set aside this judgment for the following reasons :

1. The court erred in refusing to dismiss the suit.

2. The court erred in refusing to reconsider its refusal.

3. That the court erred in trying the cause at the time it did.

4. Because the judgment should have been for defendant.

5. Because there was no evidence to sustain the finding, and the cause was not tried by a jury.

6. Because the damages are excessive.

7. Because the total judgment is grossly excessive.

8. Because the court committed error in allowing plaintiff to recover the difference between legal tender notes and gold coin.

9. Because the judgment exceeds the amount claimed in the petition.

10. Because the court erred in allowing the *within* [*written?*] instruments, upon which the suit was founded, to be filed at the time they were.

This motion was overruled, an appeal was taken to the general term, where the judgment was affirmed, and defendant, having saved all exceptions, appealed to the Supreme Court, whence the cause was transferred to this court.

1. The case was tried in strict conformity with the laws of Missouri and the rules of the court. There is no merit in any of the reasons assigned for setting aside the finding.

The defendant was in default, as may be seen by rules 19 and 21 of the rules of practice of the St. Louis Circuit Court, shown by the bill of exceptions. The case was regularly set for trial on May 2, 1874, and the defendant gives room for the suggestion, not so much that it was casually absent, as that it industriously absented itself from court on that day. When the Circuit Court most properly overruled the motion to dismiss the suit because the scrip certificates had not been filed, the filing of a motion to reconsider that refusal, instead of making a defense on the merits, had very much the appearance of trifling with the court, and must, at least, be taken as a confession that there was no meritorious defense.

The appeal appears to have been taken for delay merely, and we should award 10 per cent. damages upon affirming the judgment of the Circuit Court if there were not, after all, an error in this record to which, however, the attention of the Circuit Court does not appear to have been drawn. For this reason we simply affirm the judgment. The error to which we allude is in the form of the judgment. A given sum of money was due from the defendant, payable in gold coin. Instead of ascertaining the value of this coin in United States notes, and giving judgment for the value so found, the court should have given judgment for the amount due, and ordered it to be *paid in coin*. *Bronson* v. *Rodes*, 7 Wall. 229 (255, *loco citato*). The respondent would gain by our modifying the judgment in this particular now, and making him pay the costs of this appeal. As the attention of the Circuit Court was not called to this matter, we make no such order, but simply declare the judgment of the Circuit Court to be affirmed. All the judges concur.